1  William L. Messenger (*Pro Hac Vice to be requested*)
   Email: wlm@nrtw.org
2  c/o National Right to Work Legal
   Defense Foundation
3  8001 Braddock Road, Suite 600
   Springfield, VA 22160
4  Telephone: (703) 321-8510

5  Karin Sweigart, Cal Bar No. 247462
   Email: ksweigart@freedomfoundation.com
6  Mariah Gondeiro, Cal. Bar No. 323683
   Email: mgondeiro@freedomfoundation.com
7  Freedom Foundation
   P.O. Box 552
8  Olympia, WA 98507
   Telephone: (360) 956-3482
9  Facsimile: (360) 352-1874

10  *Attorneys for Plaintiffs and Proposed Class*

11
                    **UNITED STATES DISTRICT COURT**
12             **FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

13

| | |
|---|---|
| ALICIA QUIRARTE; NORA MAYA; ANH LE; VIET LE; and JOSE DIAZ, *individuals*, | Case No. **'19CV1287 CAB KSC** |
| Plaintiffs, | **CLASS ACTION COMPLAINT** |
| v. | |
| UNITED DOMESTIC WORKERS AFSCME LOCAL 3930, a labor organization; and BETTY YEE, in her official capacity as State Controller of the State of California, | |
| Defendants. | |

14

15

16

17

18

19

20

CLASS ACTION COMPLAINT                    1                    CASE NO.

FREEDOM FOUNDATION

Plaintiffs Alicia Quirarte, Nora Maya, Anh Le, Viet Le, and Jose Diaz, on behalf of themselves and all others similarly situated, bring this class action lawsuit against Defendants Unified Domestic Workers AFSCME Local 3930 ("UDW") and California State Controller Betty Yee ("Controller Yee").

## INTRODUCTION

1.    Plaintiffs Alicia Quirarte, Nora Maya, Anh Le, Viet Le, and Jose Diaz are In-Home Supportive Service ("IHSS") providers and provide services to disabled individuals who qualify for California Medicaid ("Medi-Cal").

2.    The First Amendment prohibits the government and unions from deducting and collecting union dues or fees from homecare providers without clear and compelling evidence that the individuals consent to the deduction and agreed to waive their First Amendment right to refrain from subsidizing union speech. *See Janus v. AFSCME, Council 31*, 138 S. Ct. 2448, 2486 (2018); *Harris v. Quinn*, 134 S. Ct. 2618 (2014).

3.    Defendants are violating the First Amendment rights of the Plaintiffs and similarly situated IHSS providers by deducting and collecting union dues from their IHSS payments over their objections and without clear and compelling evidence that they waived their First Amendment rights.

FREEDOM
FOUNDATION

4.    Defendants also are violating 42 U.S.C. § 1396a(a)(32) by diverting portions of IHSS payments owed to Plaintiffs and similarly situated IHSS providers to UDW.

5.    Pursuant to 42 U.S.C. § 1983, Plaintiffs, on behalf of themselves and similarly situated IHSS providers, seek nominal and compensatory damages, declaratory judgment, injunctive relief, and attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

## JURISDICTION AND VENUE

6.    This Court has jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiffs' first claim arises out of the First and Fourteenth Amendments of the United States Constitution.  Further, the Court has jurisdiction pursuant to 28 U.S.C. § 1343 because Plaintiffs seek relief under 42 U.S.C § 1983.

7.    This action is an actual controversy, and the Court has authority under 28 U.S.C. §§ 2201 and 2202 to grant declaratory relief and other relief, including preliminary and permanent injunctive relief, pursuant to Rule 65 of the Federal Rules of Civil Procedure.

8.    Venue is proper in the Southern District of California under 28 U.S.C. § 1391 because Defendant UDW's principal place of business is in this District, Defendant Controller Yee resides and operates in this District, several Plaintiffs reside in this District, and a substantial part of the acts or omissions giving rise to

FREEDOM
FOUNDATION

1    the claim occurred in this judicial district.

2        9.    The Court has personal jurisdiction over the Defendants, because each Defendant is domiciled in the State of California, has sufficient minimum contacts with California, and/or otherwise has intentionally availed himself, herself, or itself of significant benefits provided by the State of California, rendering the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

**PARTIES**

10.    Plaintiff Alicia Quirarte is an IHSS Provider who resides in El Centro, California, in Imperial County.

11.    Plaintiff Nora Maya is an IHSS Provider who resides in Irvine, California, in Orange County.

12.    Plaintiff Viet Le is an IHSS Provider who resides in San Diego, California, in San Diego County.

13.    Plaintiff Anh Le is an IHSS Provider who resides in San Diego, California, in San Diego County.

14.    Plaintiff Jose Diaz is an IHSS Provider and resides in Riverside, California, in Riverside County.

15.    Defendant Unified Domestic Workers AFSCME Local 3930 is a labor organization whose principal place of business is in San Diego, California, in San

FREEDOM
FOUNDATION

1    Diego County.

2        16.    Betty Yee is the State Controller of California, and is sued in her official

3    capacity as State Controller. The State Controller is a constitutional office of the

4    State of California.

5                        **STATEMENT OF FACTS**

6        17.    The IHSS program offers non-medical assistance services to California

7    residents who are 65 and over, or younger individuals with disabilities who qualify

8    for Medi-Cal. *See* Cal. Welf. & Inst. Code § 12300.

9        18.    IHSS is a statewide program administered at the county level under the

10    direction of the California Department of Social Services. Each county in California

11    is responsible for establishing an IHSS Public Authority to administer aspects of

12    the IHSS program.

13        19.    Persons enrolled in the IHSS program hire providers to assist them with

14    daily activities in their home, such as eating and dressing.  *See* Cal. Welf. & Inst.

15    Code § 12300(c)-(d). IHSS participants can use Medi-Cal funds to pay for their

16    providers instead of enrolling in a long-term care facility.

17        20.    Persons enrolled in the IHSS program or their guardians are responsible

18    for hiring, directing, supervising, evaluating, and terminating their providers. Many

19    IHSS providers are related family members of the person receiving their care and

20    services.

FREEDOM
FOUNDATION

21.     The IHSS program pays providers for their services through the State Controller. The State Controller processes and sends payments to providers by direct deposit to bank accounts or by check. *See* Cal. Welf. & Inst. Code §§ 12302.2, 12304.4.

22.     Pursuant to California Welfare and Institutions Code Section 12301.6, the State designated UDW as the exclusive representative of certain IHSS providers in twenty-one (21) California counties, including Imperial County, Orange County, Riverside County, and San Diego County.

23.     California Welfare and Institutions Code § 12301.6(i)(2) states in relevant part that "the Controller shall make any deductions from the wages of in-home supportive services personnel, who are employees of a public authority pursuant to paragraph (1) of subdivision (c), that are agreed to by that public authority in collective bargaining with the designated representative of the in-home supportive services personnel . . . and transfer the deducted funds as directed in that agreement."

24.     The public authorities in Imperial County, Orange County, Riverside County, and San Diego County are parties to agreements with UDW that call for Controller Yee to deduct union dues and political contributions from IHSS payments made to providers and to transfer those funds to UDW. On information and belief, public authorities in other counties in which Controller Yee is deducting

FREEDOM FOUNDATION

1   union dues and political contributions for UDW also are parties to agreements with

2   UDW that call for those deductions.

3       25.   Controller Yee, in coordination with UDW and public authorities,

4   deducts union dues from IHSS payments made to IHSS providers who accede to

5   the terms of a dues deduction assignment that purports to authorize Controller Yee

6   to make those deductions.

7       26.   The dues deduction assignments that Controller Yee and UDW use and

8   enforce usually, if not always, contain terms that makes the deduction of union dues

9   not contingent on an IHSS provider maintaining union membership and that make

10   the deductions irrevocable except when notice of revocation is provided during a

11   short, annual escape period.

12       27.   The dues deduction assignments that Controller Yee and UDW use and

13   enforce do not contain language informing IHSS providers of their First

14   Amendment right not to subsidize UDW and its speech or stating that the provider

15   waives that right by executing the assignment.

16       28.   An IHSS provider who is a union member can resign their union

17   membership at any time. However, Controller Yee and UDW, acting in concert with

18   one another, will continue to deduct and collect union dues from IHSS providers

19   who become nonmembers and provide notice of their opposition to dues deduction

20   outside of designated escape periods for providing such notice.

FREEDOM
FOUNDATION

1

**Alicia Quirarte**

2    29.    Plaintiff Alicia Quirarte became an IHSS Provider in Imperial County

3    in May 2018 to provide homebased care to her son.

4    30.    In November 2018, UDW representatives pressured Ms. Quirarte into

5    signing a dues deduction assignment that authorizes Controller Yee to deduct union

6    dues from her IHSS payments. Ms. Quirarte was not notified that she had a First

7    Amendment right not to subsidize UDW or that she was waiving that right by

8    entering into the assignment.

9    31.    Ms. Quirarte signed the dues deduction assignment on November 21,

10    2018, unaware of her First Amendment right not to subsidize UDW. It was not until

11    her husband informed her of her First Amendment rights later that evening that she

12    decided to resign her union membership and revoke the assignment by sending a

13    letter to UDW to that effect.

14    32.    In a January 3, 2019 letter to Ms. Quirarte, UDW acknowledged her

15    nonmember status, but stated union dues would continue to be deducted from her

16    IHSS payments. UDW asserted the deduction of union dues could only be stopped

17    if Ms. Quirarte revoked the assignment during a fifteen (15) day annual window

18    period.

19    33.    Notwithstanding Ms. Quirarte's nonmember status and opposition to

20    dues deduction, during each pay period Controller Yee deducts union dues from her

FREEDOM
FOUNDATION

1    IHSS payments and remits that money to UDW.

2                                **Nora Maya**

3        34.    Plaintiff Nora Maya became an IHSS Provider in Orange County in

4    July 2007 to provide homebased care to her non-verbal autistic son.

5        35.    In July 2009, union representatives pressured Ms. Maya into signing a

6    dues deduction assignment that authorizes Controller Yee to deduct union dues

7    from her IHSS payments. Ms. Maya was not notified that she had a First

8    Amendment right not to subsidize UDW or that she was waiving that right by

9    entering into the assignment.

10       36.    Ms. Maya was unaware of her First Amendment rights when she

11   signed the dues deduction form on July 21, 2009. She would not have signed the

12   form if she knew she had a right not to join or subsidize UDW.

13       37.    Because she needs the entirety of her income to provide for herself and

14   her family, in November 2018 Ms. Maya attempted to stop the deduction of union

15   dues from her IHSS payments by sending a letter to UDW that provided notice that

16   she resigned her union membership and opposed further dues deductions.

17       38.    On December 26, 2018, UDW President Editha Adams responded to

18   Ms. Maya in a letter stating that, while UDW acknowledged her nonmember status,

19   union dues would continue to be deducted from her IHSS payments. UDW asserted

20   that she was obligated to pay dues until June 30, 2019.

FREEDOM
FOUNDATION

39.     Notwithstanding Ms. Maya's nonmember status and opposition to dues deduction, during each pay period Controller Yee deducts union dues from her IHSS payments and remits that money to UDW.

**Viet Le and Anh Le**

40.     Plaintiffs Viet Le and Anh Le became IHSS providers in San Diego County to provide homebased care to Viet Le's parents.

41.     In January 2019, union representatives induced Mr. and Mrs. Le into signing dues deduction assignments that authorize Controller Yee to deduct union dues from their IHSS payments. They were not notified that they had a First Amendment right not to subsidize UDW or that they were waiving that right by entering into the assignment.

42.     On March 11, 2019, Mr. and Mrs. Le sent letters to UDW Executive Director Doug Moore that notified UDW that they resigned their union membership and opposed further dues deductions. UDW never responded to the letters.

43.     Notwithstanding Mr. and Mrs. Le's nonmember status and opposition to dues deduction, during each pay period Controller Yee deducts union dues from their IHSS payments and remits that money to UDW.

**Jose Diaz**

44.     Plaintiff Jose Diaz became an IHSS Provider in Riverside County in March 2018 to provide homebased care to his mother.

FREEDOM
FOUNDATION

45.    In September 2018, union representatives pressured Mr. Diaz into signing a dues deduction assignment that authorizes Controller Yee to deduct union dues from his IHSS payments. Mr. Diaz was not notified that he had a First Amendment right not to subsidize UDW or that he was waiving that right by entering into the assignment.

46.    On November 28, 2018, UDW sent an email to Mr. Diaz, informing him he had to sign an updated dues deduction assignment to "stay in the union" because "[a] new proposed rule by the federal government would prohibit union dues and other payments like health insurance from being deducted automatically out of IHSS paychecks." Again, UDW did not inform Mr. Diaz of his First Amendment right to not join or subsidize UDW or that he was waiving that right by entering into the assignment.

47.    On December 6, 2018, Mr. Diaz signed the updated dues deduction assignment, unaware of his First Amendment right to refrain from subsidizing UDW.

48.    In January 2019, after learning of his rights, Mr. Diaz attempted to stop the deduction of union dues from his IHSS payments by sending a letter to UDW Executive Director Doug Moore that notified UDW that he resigned his union membership and opposed further dues deductions.

49.    On January 8, 2019, UDW responded to Mr. Diaz in a letter stating that,

FREEDOM FOUNDATION

1   while UDW acknowledged his nonmember status, union dues would continue to be

2   deducted from his IHSS payments. UDW asserted that the deduction of union dues

3   could only be stopped if Mr. Diaz revoked the assignment during a fifteen (15) day

4   annual window period.

5       50.    Notwithstanding Mr. Diaz's nonmember status and opposition to dues

6   deduction, during each pay period Controller Yee deducts union dues from his IHSS

7   payments and remits that money to UDW.

8       51.    On information and belief, Controller Yee and UDW, acting in concert

9   with one another, will continue to deduct and collect union dues from IHSS

10  providers who become nonmembers and provide notice of their opposition to dues

11  deduction outside of designated escape periods for providing such notice.

12                          **CLASS ACTION ALLEGATIONS**

13      52.    Plaintiffs bring this lawsuit as a class action on behalf of themselves

14  and other similarly situated IHSS providers. Plaintiffs seek the certification,

15  pursuant to Federal Rules of Civil Procedure 23(b)(1)(A) and 23(b)(1)(B), 23(b)(2),

16  and 23(b)(3), of a "Class" that consists of every IHSS provider from whom

17  Controller Yee deducts or deducted dues for UDW (1) after the individual provided

18  notice that he or she was a nonmember of UDW and opposed paying union dues,

19  and (2) without clear and compelling evidence that the provider validly waived his

20  or her First Amendment right to refrain from subsidizing UDW and its speech.

FREEDOM
FOUNDATION

1    Alternatively, Plaintiffs request certification of the classes or subclasses the Court

2    deems appropriate.

3        53.    On information and belief, there are likely thousands of Class members

4    across California. The number of Class members is so numerous that it makes

5    joinder impractical.

6        54.    There are questions of law and fact common to all Class members and

7    these common questions of law or fact predominate over any questions affecting

8    only individual members of the Class. Factually, all Class members are similarly

9    situated in the sense that Controller Yee and UDW are deducting and collecting

10   union dues from their IHSS payments over their objections and without clear and

11   compelling evidence that they waived their First Amendment rights. The common

12   legal questions for Class members are whether the foregoing violates their rights

13   under the First Amendment and 42 U.S.C. § 1396a(a)(32).

14       55.    Plaintiffs' claims are typical of Class members' claims because all

15   claims concern whether Controller Yee and UDW's deduction and collection of

16   union dues from Plaintiffs and Class Members violate their rights under the First

17   Amendment and 42 U.S.C. § 1396a(a)(32).

18       56.    The Class Representatives can and will fairly and adequately represent

19   the interests of Class members and have no interests antagonistic to the Class.

20



57.    A class action may be maintained under Rule 23(b)(1)(A) for injunctive and declaratory relief because separate actions by Class members could risk inconsistent adjudications that would establish incompatible standards of conduct for Defendants.

58.    A class action may be maintained under Rule 23(b)(1)(B) for injunctive and declaratory relief because an adjudication determining the legality of Controller Yee and UDW deducting and collecting union dues in the aforementioned circumstances will, as a practical matter, be dispositive of the interests of all Class members.

59.    A class action may be maintained under Rule 23(b)(2) because Controller Yee and UDW, by deducting and collecting union dues from Class members over their objections and without a valid waiver of their First Amendment rights, have acted or refused to act on grounds that apply generally to the Class members, making injunctive relief and corresponding declaratory relief appropriate respecting the Class as a whole.

60.    A class action may be maintained under Rule 23(b)(3) because questions of law or fact common to the members of the Class predominate over any questions affecting only individual members in that the important and controlling questions of law and fact are common to all members of the Class. A class action is superior to other available methods for the fair and efficient adjudication of the

FREEDOM
FOUNDATION

1    controversy in as much as the individual Class members are deprived of the same

2    rights by Defendants' actions, differing only in the amount of money deducted –

3    which is, for legal purposes, immaterial.  The amount of money deducted is known

4    to Defendants or can easily be calculated from Defendants' business records. The

5    limited amount of money involved in the case of each individual's claim would

6    make it burdensome for the Class members to maintain separate actions.

7                            **CAUSES OF ACTION**

8                            **FIRST CLAIM FOR RELIEF**

9    **Violation of the First Amendment (42 U.S.C. § 1983)**
     **(By Plaintiffs and Class Against Defendants)**

10

11   ***Deducting dues from Plaintiffs' wages pursuant to Cal. Welf. & Inst. Code §***
     ***12301.6(i)(2) violates the First Amendment to the United States Constitution.***

12       61.    Plaintiffs re-allege and incorporate by reference each and every

13   allegation contained in the paragraphs above.

14       62.    Controller Yee and UDW act jointly and under color of state law by

15   deducting, causing the deduction, and collecting union dues from payments made

16   to IHSS providers.

17       63.    The First Amendment prohibits the government and unions from

18   seizing union dues from homecare providers without their consent and a valid

19   waiver of their First Amendment rights. *See Janus*, 138 S. Ct. at 2486; *Harris v.*

20   *Quinn*, 134 S. Ct. 2618 (2014).

FREEDOM
FOUNDATION

64.    A valid waiver of First Amendment rights requires clear and compelling evidence that the putative waiver was voluntary, knowing, and intelligent, and that enforcement of the waiver is not against public policy. Controller Yee and UDW bear the burden of proving that these criteria are satisfied.

65.    The dues deduction assignments Plaintiffs and Class member acceded to do not constitute clear and compelling evidence that they voluntarily, knowingly, or intelligently waived their First Amendment rights to refrain from subsidizing UDW's speech because, among other reasons, the forms do not notify providers that they have a First Amendment right not to financially support UDW or state that the providers agree to waive that right.

66.    The dues deduction assignments Plaintiffs and Class members acceded to are unenforceable as against public policy because it significantly impinges on providers' First Amendment rights to compel them to subsidize UDW's speech against their will and no countervailing public interest justifies this significant impingement on First Amendment rights.

67.    Defendants cannot prove Plaintiffs and Class members validly waived their First Amendment rights to refrain from subsidizing UDW's speech.

68.    Defendants, by deducting and collecting union dues from Plaintiffs and Class members without clear and compelling evidence that they waived their First Amendment rights to refrain from subsidizing UDW and its speech, are depriving

FREEDOM FOUNDATION

1   Plaintiffs and Class members of their First Amendment rights to free speech and

2   association, as secured against state infringement by the Fourteenth Amendment to

3   the United States Constitution and 42 U.S.C. § 1983.

4       69.   Defendants' enforcement of Cal. Welf. & Inst. Code §12301.6(i)(2) to

5   cause and effectuate the deduction of union dues from Plaintiffs and Class members

6   without clear and compelling evidence that they waived their First Amendment

7   rights to refrain from subsidizing UDW and its speech deprives Plaintiffs and Class

8   members of their First Amendment rights to free speech and association, as secured

9   against state infringement by the Fourteenth Amendment to the United States

10   Constitution and 42 U.S.C. § 1983.

11       70.   Cal. Welf. & Inst. Code §12301.6(i)(2) is unconstitutional under the

12   First Amendment, as secured against state infringement by the Fourteenth

13   Amendment and 42 U.S.C. § 1983, as applied or enforced against any IHSS

14   provider in the absence of clear and compelling evidence that the IHSS provider

15   waived his or her First Amendment rights to refrain from subsidizing the UDW and

16   its speech.

17       71.   Plaintiffs are suffering the irreparable harm and injury inherent in a

18   violation of First Amendment rights, for which there is no adequate remedy at law.

19

20

FREEDOM FOUNDATION

# SECOND CLAIM FOR RELIEF

### Violation of 42 U.S.C. § 1396a(a)(32)
### (By Plaintiffs and Class Against Defendants)

### *Defendants are violating 42 U.S.C. § 1396a(a)(32) by deducting Union dues from Medicaid payments made to IHSS Providers*

72.    Plaintiffs re-allege and incorporate by reference each and every allegation contained in the paragraphs above.

73.    Controller Yee and UDW act jointly and under color of state law by deducting, causing the deduction, and collecting union dues from payments made to IHSS providers.

74.    42 U.S.C. § 1396a(a)(32) ("Section 32") requires direct payment to providers who render services to Medicaid beneficiaries. The statute states, in relevant part and subject to exceptions inapplicable here, that "no payment under the plan for any care or service provided to an individual shall be made to anyone other than such individual or the person or institution providing such care or service, under an assignment or power of attorney or otherwise."

75.    Plaintiffs and other IHSS providers have a right and privilege secured by Section 32 not to have IHSS payments owed to them for their services paid to any other party, subject to statutory exceptions inapplicable here.

76.    Controller Yee, by paying to UDW portions of IHSS payments that must be paid to IHSS providers under Section 32, has deprived and continues to

FREEDOM FOUNDATION

1    deprive Plaintiffs and Class members of their rights under Section 32, as secured

2    against state infringement by 42 U.S.C. § 1983.

3        77.    UDW, by actively participating in the above-mentioned conduct, and

4    by receiving from the State Controller monies that must be paid to IHSS providers

5    under Section 32, has deprived and continues to deprive Plaintiffs and Class

6    members of their rights under Section 32, as secured against state infringement by

7    42 U.S.C. § 1983.

8                          **PRAYER FOR RELIEF**

9        WHEREFORE, Plaintiffs request that this Court render the following

10   judgments on behalf of themselves and all of those similarly situated:

11   A.   **Declaratory Judgment**: Issue a declaratory judgment that Cal. Welf. & Inst.

12        Code §12301.6(i)(2) violates the First Amendment, as secured against state

13        infringement by the Fourteenth Amendment and 42 U.S.C. § 1983, as applied

14        to or enforced against any IHSS provider in the absence of clear and

15        compelling evidence that the IHSS provider validly waived his or her First

16        Amendment rights to refrain from subsidizing a union and its speech;

17   B.   **Declaratory Judgment**: Issue a declaratory judgment for Plaintiffs and Class

18        members that Defendants violate the First Amendment, as secured against

19        state infringement by the Fourteenth Amendment and 42 U.S.C. § 1983, by

20        deducting and collecting union dues from Plaintiffs and Class members.

---

FREEDOM
FOUNDATION

C.  **Declaratory Judgment**: Issue a declaratory judgment for Plaintiffs and Class members that Defendants violate Section 32 by deducting and collecting union dues from IHSS payments made to IHSS providers;

D.  **Injunctive Relief**: Permanently enjoin Defendants along with their officers, agents, servants, employees, attorneys, and any other person or entity in active concert or participation with them from (1) deducting and collecting union dues from Plaintiffs and Class members and (2) from applying or enforcing Cal. Welf. & Inst. Code §12301.6(i)(2) against any IHSS provider in the absence of clear and compelling evidence that the IHSS provider validly waived his or her First Amendment rights to refrain from subsidizing a union and its speech;

E.  **Compensatory Damages**: Enter a judgment against UDW awarding Plaintiffs and Class members compensatory damages in an amount equal to all union dues deducted and collected from their IHSS payments going back to the extent of the relevant statute of limitations with interest, or alternatively restitution or nominal damages, and restitution;

F.  **Costs and attorneys' fees**: for an award to Plaintiffs and Class members of their costs and reasonable attorneys' fees pursuant to the Civil Rights Attorney's Fees Award Act of 1976, 42 U.S.C. § 1988; and

G.  **Other relief**: for such other and additional relief as the Court may deem just

FREEDOM
FOUNDATION

1    and proper.

2    Dated: July 11, 2019.

3

4                              By: s/Mariah Gondeiro_____
                               Mariah Gondeiro, Cal Bar No. 323683
5                              Freedom Foundation
                               PO Box 552
6                              Olympia, WA 98507
                               Telephone: (360) 956-3482
7                              Email: mgondeiro@freedomfoundation.com

8

                               Karin Sweigart, Cal Bar No. 247462
9                              Freedom Foundation
                               PO Box 552
10                             Olympia, WA  98507
                               Telephone: (360) 956-3482
11                             Email: ksweigart@freedomfoundation.com

12

                               William L. Messenger (*Pro Hac Vice*)
13                             c/o National Right to Work Legal
                               Defense Foundation
14                             8001 Braddock Road, Suite 600
                               Springfield, VA 22160
15                             Telephone: (703) 321-8510
                               Email: wlm@nrtw.org

16

17                             *Attorneys for Plaintiffs and Proposed Class*

18

19

20

FREEDOM
FOUNDATION